*OFFICE OF THE CLERK*

## UNITED STATES DISTRICT COURT

*for the*

### MIDDLE DISTRICT of PENNSYLVANIA

**William J. Nealon Federal Bldg. & U.S. Courthouse**
**235 North Washington Avenue**
**P.O. Box 1148**
*Scranton, PA 18501-1148*

*(570) 207-5600  FAX (570) 207-5650*

*Divisional Offices*

*Harrisburg:  (717) 221-3920*
*Williamsport: (570) 323-6380*

*MARY E. D'ANDREA*
*Clerk of Court*

June 6, 2003

**FILED**
**SCRANTON**

JUN 1 1 2003

PER_____

**DEPUTY CLERK**

Inmate Accounting
SCI Somerset
1800 Walters Mill Rd
Somerset, PA

Re:  CV 00-2040
     Vargas v SCI Smithfield

To Whom It May Concern:

On June 28, 2001, U.S. District Judge William W. Caldwell issued an order vacating the filing fee in the above captioned case.  The Judge in this order also directed any filing fees paid to this case be transferred to 1:01-CV-0296.  Our records reflect this order.

If I can be of any further assistance, please feel free to call me at 570-207-5664.

Sincerely,

Mary E. D'Andrea
Clerk

By: _____
Nancy A. Edmunds
Financial Specialist

*see act*

17
6/29/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORIO A. VARGAS,
      Plaintiff      :

                  :

      vs.          :    CIVIL ACTION NO. 1:CV-00-2040

                  :

SCI SMITHFIELD,
      Defendant     :

**FILED**
HARRISBURG, PA

JUN 2 8 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

        Gregario A. Vargas, an inmate at SCI-Somerset, Somerset Pennsylvania, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is accompanied by an application to proceed in forma pauperis.[1] We are subjecting Vargas' complaint to a preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and (iii).

Certified from the record
Date ___6/28/01___
Mary E. D'Andrea, Clerk
Per _George J. Gardner_
Deputy Clerk

---

[1] Vargas completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the warden at his present place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account. Plaintiff's motion to proceed in forma pauperis is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

II.    Background.

       Named as sole defendant is SCI-Smithfield.[2]  Vargas
alleges that on two separate occasions in October 2000, while
housed in SCI-Smithfield's Restricted Housing Unit ("RHU"), he
discovered foreign metal objects in his food.  The first occasion
was on October 2, 2000.  While eating his meal of ham, peas and
sweet potatoes he ingested something sharp and began to choke and
vomit.  Victor Rodriguez, Vargas' cellmate, yelled for help.  When
CO Powells responded, Rodriguez gave him a metal object he had
removed from Vargas' food.  CO Powells then called for medical
assistance and Vargas was taken to the medical unit.  Upon
examination of Vargas' food, four metal objects were found as well
as a rusty nail vomited by Vargas.  An x-ray taken the following
day revealed metallic objects in Vargas' stomach.

       The second incident occurred on October 17, 2000.  While
eating his beef stew and rice, Vargas bit into something hard and
immediately called aid.  When CO Bigelow responded he checked
Vargas' bleeding mouth and told him nothing was in his food tray
without inspecting it.  CO Bigelow did not call for medical
assistance at that time.  Vargas then started kicking his cell
door while other inmates yelled.  CO Bigelow then threatened the
Plaintiff with disciplinary action.  Experiencing severe pain,

───────────────

        [2]  Vargas was housed at SCI-Smithfield at the time of this
lawsuit was filed.  All events described in the complaint took
place at SCI-Smithfield.

Vargas passed out in his RHU cell, hitting his head and landing next to his cell door. When Plaintiff regained consciousness, he felt "someone kicking [his] head why'll (sic) it was against the door." Vargas' cellmate and other inmates shouted for assistance for "a good 30 minutes" before a medical team was called to the RHU. While laying "dizzy" on the floor, two officers (Sgt. Ewing and CO Bigelow) entered Vargas' RHU cell, and banged his head on the floor while handcuffing him before they dragged him from his cell in the presence of Lt. Lear and unidentified nurses.[3]

Vargas was then taken to the medical unit where he claims to have suffered an "attack" of some sort. After a period of time a nurse removed a "little nail" from his mouth. Vargas asserts he attempted to file an institutional grievance on the matter but it "never made the box" as his "stuff is being thrown in the trash."

III. Discussion.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490. 319, 327-28 (1989); Wilson v. Rackmill, 878 F. 2d 772, 774

---

[3] Vargas' complaint does not name CO Powells, CO Bigelow, Sgt. Ewing, Lt. Lear, or any other specific individual as a defendant.

3

(3d Cir. 1989).[4]  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

While there is no indication that Vargas initiated this lawsuit with malicious intentions, the complaint is suitable for dismissal under the <u>in forma pauperis</u> statute because it fails to articulate an arguable legal basis against SCI-Smithfield, the only  defendant named.  A prison or correctional facility is not a "person" within the meaning of § 1983.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989)(holding same for state police); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973) (state agency not a

---

[4]Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit.  <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

4

"person" under Section 1983); <u>see also</u> <u>Duvall v. Borough of</u>
<u>Oxford</u>, No. 90-0629, 1992 WL 59163, at *2 (E.D. Pa. Mar, 19, 1992)
(county prison not a "person" subject to suit under § 1983);
<u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C.
1989) (city jail not a "person"); <u>Mitchell v. Chester County Farms</u>
<u>Prison</u>, 426 F. Supp. 271, 274 (E.D. Pa. 1976) (county prison farm
not a "person").

   Although Vargas specifically refers to several
correctional officers in his complaint, he only names SCI-
Smithfield as a defendant.  Thus, this suit can be dismissed under
§ 1915(e)(2)(B)(ii) and (iii) as his claim against the only
defendant named in the action has no legal merit.

   In reaching this decision, the court is aware of its
discretion to allow Vargas to amend his present complaint to cure
this fatal defect.  However, we elect not to do so because Vargas
has filed a second action that mirrors the claims and facts
alleged in the present lawsuit.  See <u>Vargas v. Hoffman</u>, No. 1:CV-
01-0296 (M.D. Pa.).  In that action, Vargas names as individual
defendants Hoffman, Burks, Powell, Bigalow, Ewin and several John
Doe kitchen staff.  While normally the court would consolidate the
two actions pursuant to Fed. R. Civ. P. 42(a), it would be
pointless to do so here as this action is subject to dismissal in
its entirety for reasons already explained.

   For these reasons, the Court will direct that this
action be dismissed and that funds received from Vargas for

5

payment of the filing fee are to be credited by the Clerk of Court toward his second action, <u>Vargas v. Hoffman</u>, No. 1:CV-01-0296 (M.D. Pa. 2001).[5]  The Clerk of Court will also be directed to file copies of exhibits submitted by Vargas in support of his current action in his second action.  An appropriate order is attached.

William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date:  June 28, 2001

---

[5]The Clerk of Court has collected approximately $18.72 from Vargas as payment of his filing fee in this case.  Although the court normally does not absolve litigants of their obligation to pay the complete $150 filing fee when a case is dismissed <u>sua sponte</u> on screening, or even when actions are consolidated, in this case the court will make an exception.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORIO A. VARGAS,          :
          Plaintiff

                             :

          vs.                :     CIVIL ACTION NO. 1:CV-00-2040

                             :

SCI SMITHFIELD,              :            **FILED**
          Defendant                 **HARRISBURG, PA**

                                         JUN 2 8 2001

          O R D E R            MARY E. D'ANDREA, CLERK
                              PER_____
                                         DEPUTY CLERK

          AND NOW, this 28th day of June, 2001, it is ordered

that:

          1.  The complaint (doc. 1) is dismissed
     pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and
     (iii).

          2.  Plaintiff's application to proceed in
     forma pauperis (doc. 2) is granted.

          3.  The Administrative Orders (docs. 7 and
     10), issued December 7, 2000 and January 8,
     2001, are vacated.

          4.  All funds received to satisfy the
     filing fee in this action are to be applied to
     Vargas v. Hoffman, No. 1:CV-01-0296 (M.D. Pa.
     2001).

          5.  The Clerk of Court is directed to file
     copies of Exhibits filed by Vargas in support
     of his complaint (doc. 11) in Vargas v.
     Hoffman, Civ. No. 1:CV-01-0296 (M.D. Pa.
     2001).

          6.  The Clerk of Court is directed to close
     the case.

AO 72A
(Rev. 8/82)

7.  Any appeal from this order would not be taken in good faith.


WILLIAM W. CALDWELL
United States District Judge

6/3/63

To whom it may Concern)

    I am being taken money from my account for #CK#75627 and 1:01-CV-00296 why is money taken from me When i'm only paying 20% for 1:00-CV-52040.

    Please Let me Know because I only remember 1 case. not 3.

Sincerely
Gregorio A. Vargas.

FILED
SCRANTON

JUN 0 6 2003

PER_____
DEPUTY CLERK